IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Susan Cassidy,

      Plaintiff,

v.

The Teaching Company, LLC,
d/b/a The Great Courses,

      Defendant.

Case No. 2:13-cv-884

Judge Graham

Magistrate Judge King

## OPINION AND ORDER

The Plaintiff brings this action on behalf of herself and two putative classes of Ohio residents, alleging violations of the Ohio Consumer Sales Practices Act (the OCSPA or the Act), O.R.C. § 1345.01 *et seq*. This matter is before the Court on the Defendant's Motion to Dismiss (doc. 4) filed on November 8, 2013. For the reasons that follow, the Court will GRANT IN PART AND DENY IN PART the Defendant's Motion.

**I.   Background**

The following allegations are taken from the Plaintiff's First Amended Complaint:

The Defendant is an online and mail-order retailer that sells recordings of lectures by college professors and high school teachers. First Am. Compl. at ¶ 8, doc. 2. Consumers can purchase the lectures on CD, DVD, and other formats. Id. On June 19, 2012, the Plaintiff purchased "Experiencing Hubble: Understanding the Greatest Images of the Universe" on DVD from the Defendant for $34.95. Id. at ¶ 13. Before and after purchasing the DVD from the Defendant, the Plaintiff viewed numerous advertisements from the Defendant offering its products at major discounts. Id. at ¶ 15. The Plaintiff viewed these advertisements in a variety of

publications, including the Defendant's website, www.thegreatcourses.com, the Wall Street Journal, Vanity Fair, and other catalogs and advertisements received by mail and e-mail. Id. at ¶ 16. The Plaintiff relied on the Defendant's advertisements and purchased the "Experiencing Hubble" DVD course because of the advertised discount. Id. at ¶¶ 20–21.

To make the discount appear larger than it actually was, the "Experiencing Hubble" course had a falsely inflated "regular" price. First Am. Compl. at ¶ 22. The Defendant advertises its products at heavily discounted prices available for limited periods of time. Id. at ¶ 23. The Defendant's advertised specials do not always reference a non-sale price. Id. at ¶ 27. In reality, most of the Defendant's advertised products are always on sale and the majority of its sales are at discounted prices. Id. at ¶¶ 24–25. The Defendant's "sale" prices are, in effect, the "regular" price at which consumers can purchase the Defendant's products. Id. at ¶¶ 28–30.

The Plaintiff filed a Complaint (doc. 1) against the Defendant on September 6, 2013. On September 9, 2013, the Plaintiff filed her First Amended Complaint (doc. 2). In her Amended Complaint, the Plaintiff brings a class action lawsuit against the Defendant for alleged violations of the Ohio Consumer Sales Practices Act. The sole count in the Plaintiff's Amended Complaint alleges that the Defendant violated the OCSPA. However, the Plaintiff alleges multiple violations of the OCSPA, including that the Defendant violated the OCSPA when it: (1) made representations that specific price advantages exist when they did not in violation of O.R.C. § 1345.02(B)(8); (2) advertised that a sale or discount would terminate within a given or anticipated period of time when they did not in violation of Ohio Admin. Code § 109:4-3-12(D); (3) advertised using price comparisons without comparing the advertised sales to its actual regular prices in violation of Ohio Admin. Code § 109:4-3-12(E); (4) advertised price comparisons without clearly and conspicuously disclosing the nature of the reference price in

2

violation of Ohio Admin. Code § 109:4-3-12(E); (5) made fictitious price comparisons in violation of 16 C.F.R. § 233.1(a); and (6) employed a price that was not openly offered to the public in violation of 16 C.F.R. § 233.1(a). The Defendant filed its Motion to Dismiss on November 8, 2013.

**II.  Standard of Review**

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93–94 (2007); Twombly, 550 U.S. at 555–56.

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). The plaintiff must provide the grounds of his entitlement to relief "rather than a

blanket assertion of entitlement to relief." Twombly, 550 U.S. at 555 n.3. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Though "[s]pecific facts are not necessary," Erickson, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," Twombly, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 555–56. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.  Discussion**

The Defendant asserts that the Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted. First, the Defendant argues that the Plaintiff's Amended Complaint is composed of conclusory allegations unsupported by any well-plead facts. Second, the Defendant asserts that the Court should strike the Plaintiff's class

allegations. The Defendant maintains that the Plaintiff's class allegations fail to meet the requirements of Ohio Revised Code § 1345.09(B) and that the Plaintiff lacks standing to assert claims for products she did not purchase. The Court addresses each of these arguments in turn.

A.     *Failure to State a Claim Under the Ohio Consumer Sales Practices Act*

In arguing for dismissal under Rule 12(b)(6), the Defendant emphasizes that "Plaintiff relies *entirely* on allegations made 'upon information and belief'" in her Amended Complaint. Def.'s Mot. to Dismiss at 6, doc. 4. According to the Defendant, "[a]llegations based 'upon information and belief' are speculative and conclusory assertions, not factual allegations. Such allegations do not pass muster for pleading under Twombly and Iqbal." Id. at 8. Further, the Defendant states, "[a]llegations made merely on 'information and belief' cannot form the basis of a complaint." Id. The Court disagrees.

"Although there is no express authorization in the federal rules for pleading on information and belief, allegations in this form have been held to be permissible, even after the Twombly and Iqbal decisions." Charles A. Wright and Arthur R. Miller, 5 Fed. Prac. & Proc. Civ. § 1224 (3d ed. 2013). "The Twombly plausibility standard . . . does not prevent a plaintiff from 'pleading facts alleged on information and belief' where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (internal citations omitted). District courts in the Sixth Circuit have reached a conclusion similar to the Second Circuit with respect to pleadings based on "information and belief." See e.g., Price's Collision Ctr., LLC v. Progressive Haw. Ins. Corp., 2013 WL 5782926, at *4 (M.D. Tenn. Oct. 28, 2013) (quoting Arista Records, LLC, 604 F.3d at 120); Kline v.

5

Mortg. Elec. Registration Sys., Inc., No. 3:08cv408, 2011 WL 1233642, at *6 (S.D. Ohio Mar. 29, 2011) (citing Arista Records, LLC, 604 F.3d at 120; Simonian v. Blistex, Inc., No. 10 CV 01201, 2010 WL 4539450, at *3 (N.D. Ill. Nov. 3, 2010)) ("even in the post-Iqbal world, courts have recognized that facts may be alleged on the basis of information and belief, particularly when those facts are within the possession of the defendant"); Antioch Litig. Trust v. McDermott Will & Emery LLP, 738 F. Supp. 2d 758, 765 (S.D. Ohio 2010) ("As an initial matter, Defendant claims that Plaintiff's allegations that are based 'upon information and belief' . . . and allegations that use the term "appear" . . . should be dismissed because they are speculative. However, Defendant fails to cite any legal authority supporting its contention. Moreover, qualifying words such as 'upon information and belief' and 'appear' are the appropriate manner to plead when a plaintiff is drawing reasonable inferences from facts."); Lewis v. Taylor, No. 1:10–CV–00108, 2010 WL 3875109, at *2–3 (S.D. Ohio Sept. 21, 2010) (allegations upon "information and belief" sufficient from which a court may infer a plausible cause of action). Allegations made on "information and belief" are therefore appropriate where a complaint contains supporting factual allegations.

The Defendant's stronger argument is that the Plaintiff's "information and belief" allegations are, in fact, substantively conclusory and are unsupported by the Plaintiff's factual allegations. Curiously, the parties offer competing arguments as to the conclusory nature of the Plaintiff's allegations in a vacuum. Neither party analyzes the Plaintiff's allegations in the context of the Ohio Consumer Sales Practices Act (OCSPA or the Act), the basis for the instant litigation. This makes analysis of the Defendant's argument difficult at best.

In the Defendant's view, the following allegations "upon information and belief" are conclusory and unsupported by the Plaintiff's factual allegations:

> 22. [T]he DVD course Plaintiff purchased from Defendant had a falsely inflated regular price, which made the discount appear larger.
>
> 25. Defendant advertises "limited time offers," but most of its advertised products are actually always on sale, indicating that there is no real termination of the sale period at all.
>
> 26. Defendant's advertised prices for a "special sale," "70% off," or the like, are misleading and deceptive because Plaintiff alleges there is really no end to any of Defendant's "specials," or the end is illusory.
>
> 29. [T]he advertised price is Defendant's typical sale price because Defendant sells few, if any, of its products at the former or "regular" prices, and if the products are ever offered at the "regular" price, they are offered at such for such a short period of time that it is illusory.
>
> 30. Therefore, Defendant knowingly advertises its products for alleged discounts while knowing the products are not really discounted at all.

Def.'s Mot. to Dismiss at 7 (citing Pl.'s Am. Compl. at ¶¶ 22, 25, 26, 29, 30); Def.'s Reply at 4 (citing Pl.'s Am. Compl. at ¶¶ 22, 25, 29). According to the Defendant, "[t]hese . . . vague and conclusory allegations lie at the heart of Plaintiff's Complaint." Def.'s Mot. to Dismiss at 7. The Defendant identifies two flaws with the Plaintiff's allegations. First, the Defendant argues, the Plaintiff's allegations made upon "information and belief" are based on unreasonable and implausible inferences from her factual allegations. Def.'s Reply at 4–5. Second, the Defendant insists that the Plaintiff's factual allegations do not demonstrate any wrongful conduct. Id. at 5–8.

      The Court disagrees. First, in the Court's view, most of the Plaintiff's allegations made upon "information and belief" are plausible inferences based on the Plaintiff's factual allegations. Here, the Plaintiff alleges that the Defendant advertises its products at discounts for limited period of times, but that most, if not all, of the Defendant's sales come from the selling of discounted products. First Am. Compl. at ¶¶ 23–24. From these facts, the Plaintiff infers that the Defendant's "sales" do not actually end and that the "sale" price of the Defendant's products is

actually the "regular" price for the products. Id. at ¶¶ 25–26, 29. Construing the Complaint in the light most favorable to the Plaintiff, this is a reasonable inference based on the Plaintiff's factual allegations. Cf. Arista Records, LLC, 604 F.3d at 120 (internal citations omitted) ("The Twombly plausibility standard . . . does not prevent a plaintiff from 'pleading facts alleged on information and belief' . . . where the belief is based on factual information that makes the inference of culpability plausible"); Antioch Litig. Trust, 738 F. Supp. 2d at 765 ("Qualifying words such as 'upon information and belief' and 'appear' are the appropriate manner to plead when a plaintiff is drawing reasonable inferences from facts"). If the Defendant sells its products at discounts and all (or the majority of) its revenue comes from the sale of discounted items, then, logically, the Defendant's sales rarely, if ever, end and the Defendant rarely, if ever, sells its products at a "regular" or non-discounted price. Consequently, it is a plausible inference that the "sale" price for the Defendant's products is in fact the "regular" price.

The force of the Defendant's second argument is undermined by the failure of the Defendant's first argument. The Defendant insists that the Plaintiff's factual allegations evidence the Defendant's law-abiding conduct, consistent with well-established marketing and advertising practices. But as the Court has noted, the Plaintiff's factual allegations do, in fact, allow for a plausible inference of wrongdoing on the part of the Defendant. The Defendant's alternative explanation for its conduct does not mandate dismissal of the Plaintiff's Complaint. Cf. 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B., 727 F.3d 502, 505 (6th Cir. 2013) ("[I]f a plaintiff's claim is plausible, the availability of other explanations—even more likely explanations—does not bar the door to discovery"); Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc., 648 F.3d 452, 458 (6th Cir. 2011) ("Often, defendants' conduct has several

plausible explanations. Ferreting out the most likely reason for the defendants' actions is not appropriate at the pleading stage.")

B. *Strike Class Action Allegations*

The Plaintiff seeks to bring a class action suit on behalf of two classes of consumers. See First. Am. Compl. at ¶¶ 48–71. Class One is composed of "[a]ll persons in Ohio who purchased a product from Defendant that was advertised at a discounted price or specific price advantage." Id. at ¶ 50. Class Two is composed of "[a]ll persons in Ohio who received a direct communication (e.g., catalog, email, letter, etc.) from Defendant offering product(s) at a discounted price or specific price advantage." Id. The Plaintiff seeks non-economic damages of at least $5,000 for each class member pursuant to O.R.C. § 1345.09(B).[1] Id. at ¶ 85.

In an individual action, if a consumer successfully proves a violation of the OCSPA, the consumer may rescind the transaction or recover economic and noneconomic damages. See O.R.C. § 1345.09(A)[2]; O.R.C. § 1345.09(B)[3]. In the alternative, § 1345.09(B) permits a

---

[1] In contrast, in her prayer for relief, the Plaintiff seeks "actual damages, economic damages, and non-economic damages of at least $5,000" for each class member pursuant to O.R.C. § 1345.09(B). First Am. Compl. at pg. 13.

[2] "Where the violation was an act prohibited by section 1345.02, 1345.03, or 1345.031 of the Revised Code, the consumer may, in an individual action, rescind the transaction or recover the consumer's actual economic damages plus an amount not exceeding five thousand dollars in noneconomic damages." O.R.C. § 1345.09(A).

[3] Section 1345.09(B) provides:

> Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02, 1345.03, or 1345.031 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code, the consumer may rescind the transaction or recover, but not in a class action, three times the amount of the consumer's actual economic damages or two hundred dollars, whichever is greater, plus an amount not exceeding five thousand dollars in noneconomic damages.

O.R.C. § 1345.09(B).

consumer to "recover damages or other appropriate relief in a class action under Civ. R. 23." Under the OCSPA, "[i]n order to maintain a class action, however, a plaintiff must allege actual 'damages [that] were a proximate result of the defendant's deceptive act.'" Johnson v. Jos. A. Bank Clothiers, Inc., No. 2:13–cv–756, 2014 WL 64318, at *7 (S.D. Ohio Jan. 8, 2014) (quoting Butler v. Sterling, Inc., 210 F.3d 371, 2000 WL 353502, at *4 (6th Cir. Mar. 31, 2000) (Table Decision)). See also Searles v. Germain Ford of Columbus, L.L.C., No. 08AP-728, 2009 WL 756645, at *5 (Ohio Ct. App. Mar. 24, 2009) ("The fact that statutory damages are not available in a class action indicates proof of actual damages is required before certification of an R.C. 1345.09(B) class action is proper"). "'Actual economic damages' means damages for direct, incidental, or consequential pecuniary losses resulting from a violation of Chapter 1345 of the Revised Code and *does not include damages for noneconomic loss as defined in section 2315.18 of the Revised Code*." O.R.C. § 1345.09(G) (emphasis added). See also "Garber v. STS Concrete Co., L.L.C., 991 N.E.2d 1225, 1232 (Ohio Ct. App. 2013) (citations omitted) ("Actual damages" are defined as "real, substantial, and just damages, or the amount awarded to a complainant in compensation for his actual and real loss or injury").

A class action complaint under the OCSPA must allege actual, as opposed to noneconomic, damages. Here, the Plaintiff only alleges that class members suffered non-economic damages of at least $5,000 pursuant to O.R.C. § 1345.09(B). First Am. Compl. at ¶ 85. Therefore, her class allegations will be dismissed.[4]

## V. Conclusion

---

[4] To the extent that the Plaintiff's Complaint could be construed to seek actual damages as part of a class action suit, see First Am. Compl. at pg. 13 (generally requesting, in her prayer for relief, actual damages and noneconomic damages), it appears that the Plaintiff has failed to allege any facts to support a claim for actual damages.

10

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART the Defendant's Motion to Dismiss (doc. 4). The Plaintiff's class allegations are DISMISSED. The Plaintiff will be permitted to proceed with her individual claim against the Defendant.

IT IS SO ORDERED.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: April 21, 2014