```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

**SUSAN CASSIDY,**

        **Plaintiff,**

                                         Civil Action 2:13-CV-884
   **vs.**                                      Judge Graham
                                         Magistrate Judge King

**THE TEACHING COMPANY, LLC,**
**d/b/a THE GREAT COURSES,**

        **Defendant.**

## OPINION AND ORDER

**I.   Background**

Plaintiff Susan Cassidy alleges that defendant engaged in unlawful marketing practices based on its allegedly false advertised regular price for its DVD courses.  Plaintiff is an individual residing in Columbus, Ohio.  *Amended Complaint*, ECF 2, ¶ 6.  Defendant The Teaching Company, LLC, d/b/a The Great Courses, is a limited liability company with its principal place of business in Chantilly, Virginia.  *Id*. at ¶ 8.  On July 2, 2014, plaintiff noticed a Rule 30(b)(6) deposition for a corporate representative of defendant to take place in Dublin, Ohio, on July 30, 2014.  ECF 22-1.

This matter is now before the Court on *Defendant's Motion for Protective Order* ("*Defendant's Motion*"), ECF 21, seeking an order requiring the 30(b)(6) deposition of its corporate representative to take place near Chantilly, Virginia.  Defendant argues that its principal place of business is in Chantilly, Virginia, that all the potential corporate representatives to be deposed reside in the vicinity of Chantilly, Virginia, and that the corporate documents and

databases that may need to be accessed during the deposition are located in Chantilly, Virginia. Plaintiff opposes *Defendant's Motion*, *Plaintiffs' Memorandum Contra to Defendant's Motion for Protective Order* ("*Plaintiff's Response*"), ECF 22, on the basis that defendant failed to make a good faith effort to resolve this dispute prior to filing *Defendant's Motion*. Plaintiff also argues that defendant has failed to demonstrate good cause for a protective order because deposing defendant's corporate representative in Columbus, Ohio, will not cause defendant undue burden or expense.

**II. Discussion**

"A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). "The default rule, therefore, is that the examining party 'may set the place for the deposition of another party wherever he or she wishes subject to the power of the court to grant a protective order under Rule 26(c)(1)(B) designating a differen[t] place.'" *MEMC Elec. Materials v. Balakrishnan*, 2:12-CV-344, 2012 WL 1606053, at *2 (S.D. Ohio May 8, 2012) (quoting Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, *Federal Practice and Procedure* § 2112 (3d ed. 2012)).

Rule 26(c) provides that "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "'[A] motion for a protective order not to have a deposition at a

2

particular site, or to compel deposition in a particular location, is considered by reviewing three factors of the cost, convenience, and litigation efficiency of the designated locations.'" *MEMC*, 2012 WL 1606053 at *2 (quoting *Scooter Store, Inc. v. Spinlife.com, LLC*, 2:10-CV-18, 2011 WL 2118765, at *2 (S.D. Ohio May 25, 2011)). Where, as here, an organization is being deposed pursuant to Rule 30(b)(6), the "Court must also consider the presumption that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." *Id*. at *2 (citing *Scooter Store*, 2011 WL 2118765 at *2; *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir. 1995)). "'This customary treatment is subject to modification, however, when justice requires.'" *Id*. (quoting *Federal Practice and Procedure* § 2112). District courts are vested with great discretion in designating the location of a deposition. *See Lomax v. Sears, Roebuck & Co.*, 238 F.3d 422 (6th Cir. 2000).

The party seeking a protective order must also certify that it "has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Plaintiff's arguments to the contrary notwithstanding, the Court is satisfied that this prerequisite has been met. Having determined that this matter is properly before the Court, the Court will now consider the factors of cost, convenience, and litigation efficiency.

Defendant represents that its corporate representatives reside in Virginia and, although it has not designated a specific representative or determined how many representatives will be needed, counsel from

3

Chicago, Illinois, will be defending the corporate representatives during their deposition. *Defendant's Motion*, pp. 5-6. Defendant argues that it will be more expensive to fly one or more corporate representatives and counsel to Ohio for a deposition than it will be for plaintiff to fly a single attorney to Virginia. The Court agrees. The cost factor weighs in favor of defendant, as it will likely be less expensive for plaintiff's counsel to travel to Virginia than for one or more of defendant's corporate representatives and their counsel to travel to Ohio. *See MEMC*, 2012 WL 1606053 at *3 ("This Court is persuaded that the cost factor weighs in favor of MEMC, as it will be less expensive to send one or two attorneys to St. Louis to take depositions, than it will be to send one or two attorneys, and two witnesses, to Columbus to be deposed."). However, this factor weighs only slightly in favor of defendant, since defendant will have to bear its counsel's travel expenses regardless of the location of the deposition.

In considering the convenience factor, the Court should consider "'any hardship to counsel, the residence of deponents, and the extent to which the witness' affairs might be disrupted.'" *MEMC*, 2012 WL 1606053 at *3 (quoting *Scooter Store*, 2011 WL 2118765 at *2). Here, the parties have not identified any hardship to counsel regardless of whether the deposition takes place in Ohio or Virginia. As noted *supra*, defendant's corporate representatives all reside near Chantilly, Virginia. Deposing the representatives near their place of residence and employment will undoubtedly be less disruptive to each witness' own affairs and to the defendant's business. Moreover, to

4

the extent that the parties need to access corporate documents and databases during the deposition, it may be easier to access such information in Virginia, where defendant's principal place of business and those documents are located. The convenience factor therefore weighs in favor of conducting the deposition in Virginia.

Plaintiff seems to acknowledge that it would be less expensive and more convenient to hold the deposition in Virginia. Plaintiff argues, however, that the inconvenience and increased cost of holding the deposition in Ohio is only marginal and does not constitute an undue burden on defendant. Citing to *Scooter Store,* plaintiff argues that the parties to an action should expect to bear such reasonable burdens and inconvenience as the action might pose. *Plaintiff's Response*, p. 9. *Scooter Store* does not support plaintiff's argument. In requiring that the plaintiff's corporate representative be deposed in the forum state, the court in *Scooter Store* actually noted, "Generally, a *plaintiff* must bear any reasonable burdens of inconvenience that the action represents." *Scooter Store*, 2011 WL 2118765 at *3 (emphasis added). To require a plaintiff to bear the inconvenience of litigating in the forum chosen by plaintiff is not determinative of a defendant's request to relieve it of the burdens posed by litigation in a forum selected by another party.

The fact that defendant's corporate documents and electronically stored information are located in Virginia also suggests that it would be more efficient to hold the deposition in Virginia. *See id*. at *4 ("With respect to the third factor of litigation efficiency, the Court is advised to examine . . . the ease or difficulty of the parties and

5

witnesses in bringing relevant documents to the site.") (internal quotations omitted). Plaintiff argues, however, that litigation efficiency favors Ohio because the Court has personal jurisdiction over defendant. *Id*. Plaintiff cites to *Shannon v. Taesa Airlines*, No. 2:93-cv-689, 1994 WL 921216 (S.D. Ohio Nov. 10, 1994), and argues that "[t]his Court has held that having personal jurisdiction over a party may be a determinative factor whether that party should be deposed in the venue where the lawsuit was originally filed." *Plaintiff's Response*, p. 11. Plaintiff's argument misconstrues the holding in *Shannon*.

The court in *Shannon* recognized "the general rule that a corporate defendant should be deposed at that defendant's place of business" and found that the facts of that case did not warrant departure from the general rule. *See Shannon*, 1994 WL 931216 at *1-2. In granting the defendant's motion for a protective order and ordering that a deposition proceed near the defendant's principal place of business outside the forum state, the court noted that the case presented an unresolved issue of personal jurisdiction over the defendant corporation. *See id*. Although uncertainty as to whether a court has personal jurisdiction over a defendant may provide support for requiring a defendant's corporate representative to be deposed outside the forum and near the defendant's principal place of business, the fact that personal jurisdiction is not disputed does not require that a deposition be conducted in the forum state. Litigation efficiency deals with the court's "own ability to intervene to resolve disputes during depositions" and "the ease or difficulty of the

6

parties and witnesses in bringing relevant documents to the site." *See Scooter Store*, 2011 WL 2118765 at *4. Here, should the need arise during a deposition, the parties can just as easily contact the Court by telephone from Ohio as they can from Virginia, and, as noted *supra*, it would be more efficient for the deposition to take place near defendant's principal place of business where its documents and electronic databases are stored.

In sum, then, all of the relevant factors weigh in favor of conducting the deposition(s) of defendant's corporate representatives in Virginia. This conclusion is bolstered by the presumption that depositions of a corporation through its agents and officers should ordinarily be taken at the corporation's principal place of business. *See MEMC*, 2012 WL 1606053 at *4. *Defendant's Motion*, ECF 21, is therefore **GRANTED**. The deposition of defendant's corporate representatives may proceed on the condition that the depositions take place within a reasonable distance of Chantilly, Virginia.

September 4, 2014                              *s/Norah McCann King*
                                                Norah M<sup>c</sup>Cann King
                                                United States Magistrate Judge